## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| **TEX PAT, LLC,** | |
| *Relator*, | |
| v. | **Civil Action No.** |
| **(1) AGILENT TECHNOLOGIES, INC. and (2) VARIAN, INC.,** | |
| *Defendants*. | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Tex Pat, LLC ("Relator") makes the following allegations against Agilent Technologies, Inc. and Varian, Inc. (collectively, "Agilent" or "Defendant"):

### NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### PARTIES

2. Relator is a Texas limited liability company having a principal place of business at 2300 Richmond, Suite 345, Houston, Texas 77098-3265.  Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265, as its agent for service of process.

3. On information and belief, Agilent Technologies, Inc. is a Delaware corporation with its principal place of business at 5301 Stevens Creek Boulevard, Santa Clara, CA 95051.  Agilent Technologies, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

4.   On information and belief, Agilent Technologies, Inc. acquired Varian, Inc., which is a Delaware corporation with its principal place of business at 3120 Hansen Way, Palo Alto, CA 94304.   Varian, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

## JURISDICTION AND VENUE

5.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

7.   Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

**FACTS**

8.   Agilent has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 3,282,330 ("the '330 Patent") and 3,363,830 ("the '830 Patent"), true and correct copies of which are attached as Exhibits A-B, respectively, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Diffusion Pumps products, as illustrated in both Exhibits C-D.

9.   The '330 Patent (Exhibit A), which is titled "Diffusion Pump Safety Control," was filed in the United States on November 4, 1964 and issued on November 1, 1966.

10. The '330 Patent expired, at the very latest, on November 4, 1984.

11. When the '330 Patent expired, all future rights in that patent ceased to exist.

12. The '830 Patent (Exhibit B), which is titled "Diffusion Pump," was filed in the United States on March 11, 1965 and issued on January 16, 1968.

13. The '830 Patent expired, at the very latest, on March 11, 1985.

14. When the '830 Patent expired, all future rights in that patent ceased to exist.

15. Subsequent to expiration of the '330 Patent and the '830 Patent, Agilent has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '330 Patent and the '830 Patent in combination with its Diffusion Pumps products.  *See, e.g.*, Exhibit C (containing, in part, product literature, which touts the "patented" nature of the Diffusion Pumps products and bears a printed on date of March 2003, while marking, affixing, and/or advertising the Diffusion Pumps products in combination with the '330 Patent and the '830 Patent); *see also* Exhibit D (containing a web page, available on Varian, Inc.'s website at the time of filing of this

Original Complaint,[1] that touts the "patented" nature of the Diffusion Pumps products, while bearing a copyright date of 2008 and marking, affixing, and/or advertising the Diffusion Pumps products in combination with the '830 Patent).

16. Agilent has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,341,470 ("the '470 Patent"), a true and correct copy of which is attached as Exhibit E, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Atomic Absorption Spectrometers products, as illustrated in both Exhibit F.

17. The '470 Patent (Exhibit E), which is titled "Atomic Absorption Spectroscopy," was filed in the United States on June 22, 1977 and issued on July 27, 1982.  The '470 Patent is a continuation of S/N/ 376,498, filed July 5, 1973, which is a continuation of S/N 208,772, filed December 16, 1971.

18. The '470 Patent expired, at the very latest, on July 27, 1999.

19. When the '470 Patent expired, all future rights in that patent ceased to exist. Subsequent to expiration of the '470 Patent, Agilent has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '470 Patent, in combination with its Atomic Absorption Spectrometers products.  *See, e.g.*, Exhibit F (containing, in part, product literature, touting the "patented" nature of the Atomic Absorption Spectrometers products and bearing a printed on date of July 2010, while marking, affixing, and/or advertising the Atomic Absorption Spectrometers products in combination with the '470 Patent).

---

[1] Varian's website, www.varianinc.com/cgi-bin/nav?products/vacuum/pumps/diffusion/selecting&cid=LNLKHKIHFO (last visited Aug. 22, 2010).

20. Agilent is a large, sophisticated company.  *See, e.g.*, Exhibit G at p. 8 (containing, in part, Agilent Technologies, Inc.'s 2009 Annual Report, which indicates that its stock is traded on the New York Stock Exchange); *id.* at p. 3 ("Agilent is the world's premier measurement company providing core bio-analytical and electronic measurement solutions to the communications, electronics, life sciences and chemical analysis industries."); *see also e.g.*, Exhibit H (containing, in part, Varian, Inc.'s 2009 Annual Report, which indicates that its stock is traded on the NASDAQ Stock Market); *id.* at p. 11 (indicating that as of "October 2, 2009, [Varian, Inc.] had approximately 3,500 full-time and temporary employees and contract workers . . . .").

21. Agilent has, and routinely retains, sophisticated legal counsel.  *See, e.g.*, Exhibit G at p. 6 (noting Agilent Technologies, Inc.'s  general counsel); *see also e.g.*, Exhibit H at p. 11 (noting Varian, Inc.'s general counsel).

22. Agilent has decades of experience applying for, obtaining, licensing, and/or litigating patents.  *See, e.g.*, Exhibit G at p. 95 ("[Agilent Technologies, Inc.'s] success depends in large part on our proprietary technology.  [It] rel[ies] on various intellectual property rights, including patents . . . ."); *see also e.g.*, Exhibit H at p. 10 ("As of October 2, 2009, [Varian, Inc.] own[s] over 380 patents in the U.S. and over 600 patents in other countries, and had numerous patent applications on file . . . .  [and has] agreements with third parties that provide for licensing of patented or proprietary technology.").

23. Agilent knows, and at the very least reasonably should know, that an expired patent does not cover any of the accused Agilent products, or any products whatsoever.

24. As a result of its false marking, Agilent has injured the United States Government, including its sovereign interest, and Defendant's existent and potential

competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement.  *See, e.g.,* Exhibit G at p. 95 ("If [Agilent Technologies, Inc.] do[es] not enforce [its] intellectual property rights successfully [its] competitive position may suffer . . . ."); *see also e.g.*, Exhibit H at p. 14 ("[Varian, Inc.'s] success depends on [its] intellectual property.").

### CLAIM

25. Relator incorporates paragraphs 1–24, as if fully set forth herein.  Agilent has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including the Diffusion Pumps and Atomic Absorption Spectrometers products, with intent to deceive the public.

### PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and

those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 22, 2010                    Respectfully submitted,

By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEX PAT, LLC**